NOT FOR PUBLICATION	(DOCKET ENTRY NO. 358, 396)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | CRIM. NO. 02-00684 (RBK) |
| v. | : | OPINION |
| BERNARD MURRAY, | : | |
| DEFENDANTS. | : | |

**KUGLER, UNITED STATES DISTRICT JUDGE:**

Before the Court is Defendant's motion for a reduction of his June 2, 2009 sentence. Defendant claims that he is entitled to a sentence reduction under U.S.C.A § 3553 for giving substantial assistance to the government.

**I. BACKGROUND**

In 2005, Defendant was convicted of conspiring to distribute crack cocaine and heroin, possessing a firearm as a convicted felon, and several counts of firearm possession during a drug trafficking conviction. (Judg. Murray at 1, June 6, 2006, ECF No. 358.) Defendant was originally sentenced in June 2006, but was later resentenced in June 2009. (Amend. Judg. Murray at 1, June 2, 2009, ECF No. 396.)

Defendant now asks the Court to reduce his sentence for assisting Camden County Detective Eric White in a murder investigation. (Def. Letter, Oct. 17, 2011.) Defendant claims that his statements were the basis for the conviction that resulted from the murder investigation.

(Id.)  Furthermore, Defendant claims that he and his family were at risk of harm because he assisted the State.  (Id.)

## II. DISCUSSION

Defendant argues that he is entitled to a sentence reduction under 18 U.S.C § 3553(e), which states: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  18 U.S.C. § 3553(e) (2010).  Defendant's argument must fail for two reasons.  First, this rule only applies to sentencing and does not apply to post-sentencing reductions.  Therefore, Defendant's claim under § 3553(e) is moot, as Defendant has already been sentenced.  Second, under § 3553(e), the Government must move the Court for a sentence reduction; here, the defendant has motioned the court.  Accordingly, Defendant lacks standing to make a § 3553(e) motion.

In addition, there are no other avenues upon which the defendant's sentence can be reduced without the government making the motion.  The modification of an imposed term of imprisonment is governed by 18 U.S.C § 3582.  Among other grounds, the statute allows for the modification of a sentence of imprisonment to the extent provided for by Federal Rule of Criminal Procedure 35.  18 U.S.C.A. § 3582.  Rule 35 provides that, after one year from the sentencing and by motion of the government, the Court may reduce a sentence for substantial assistance by a defendant.  Fed. R. Civ. P. 35(b)(2).  Once again, the statute does not provide for a defendant to make an application to the courts for a sentence reduction.  Because the government has not made a motion for modification under Rule 35, the Defendant lacks standing to motion the Court.

**III. CONCLUSION**

Because the clear language of 18 U.S.C. § 3553(e) requires the Government to make a motion for sentence reduction under Federal Rule of Criminal Procedure 35(b)(2), Defendant does not have standing to make this motion. Therefore, Defendant's application to the Court for a sentence reduction is denied.


Date: 11/18/2011                                             /s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge