# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

BERNARD MURRAY

Case No. 02-cr-684

**OPINION ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**

(COMPASSIONATE RELEASE)

Upon motion of the Defendant, Bernard Murray (Defendant or Mr. Murray) for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is **DENIED**.

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that (1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction *See United States v. Rivera*, No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022). A defendant may show extraordinary and compelling reasons for release under the following six enumerated circumstances: (1) medical circumstances, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons,

2

and (6) unusually long sentence. U.S.S.G. § 1B1.13.

Once a court finds that "extraordinary and compelling reasons" are present, a court must still consider whether the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, weigh in favor of a defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g., United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). These factors include in relevant part:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant; ... [and]
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the sentencing range established for [ ] the applicable category of offense;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities;
>
> (7) the need to provide restitution to any victims of the offense

18 U.S.C. § 3553(a).

From what the Court can glean, Mr. Murray seeks compassionate release because:

- he is now 49 years old and has been incarcerated for more than 23 years,
- he is reflecting on all of the birthdays, holidays and other important life events

3

that he has missed out on celebrating with his family and loved ones,
- he has demonstrated six years of good conduct,
- he has completed two programs,
- he has mentored other inmates, and
- the law abiding life he envisions after incarceration. [1]

(ECF No. 629)

The Government opposes the Defendant's application for compassionate release based on Defendant's lengthy and violent criminal history including the particularly violent crimes he was convicted of for which he is currently serving concurrent sentences of 240 months and 120 months. The Government further asserts that the Defendant has not met his burden of demonstrating he qualifies for compassionate release. The Court agrees.

Here, Defendant has not identified "extraordinary and compelling" reasons to have his sentence reduced. Simply put, although the Court recognizes that Mr. Murray is sincere in his submission and most certainly regrets that his incarceration has caused him to be absent from important family milestones and celebrations, his personal desires and post incarceration goals fall short of demonstrating the "extraordinary and compelling" criteria that he is required to show to earn a reduction in his sentence based on compassionate release.

Notwithstanding the Court's finding that Defendant has failed to present extraordinary and compelling reasons for compassionate release, the Court will nonetheless weigh the factors set forth in 18 U.S.C. § 3553(a).

The Court finds that not only has Mr. Murray failed to show, extraordinary and compelling reasons for compassionate release, but also that consideration of the above § 3553(a) factors weigh sharply in favor of denying his motion for compassionate release.

First, as to the nature and circumstances of the offense and the history and characteristics

---

[1] To the extent Mr. Murray is basing his request on the Bureau of Prison's (BOP) potentially erroneous calculations of his time being served, the Court notes that said calculations are solely within the province of the BOP and the Court does not have the authority to review those calculations.

of the defendant, the Court finds that the seriousness of the offenses for which Mr. Murray is serving his sentence – drug trafficking conspiracy and the murders he was involved in to protect the drug trafficking conspiracy, militate against a reduction in his sentence. In addition, Mr. Murray's alarming and unfortunate entry in to the criminal justice system at the age of 12 and the progression of his criminal behavior through an up to the crimes he committed leading to his current incarceration also weigh against a reduction in his sentence.

Consequently, the Court finds that because the sentence imposed is necessary to reflect the seriousness of the offense, criminal history of Defendant, to deter future criminal conduct, and to protect the public from further crimes, Defendant's release is not warranted at this time.

The Court certainly encourages Mr. Murray to continue serving as a mentor to other inmates and to participate in all available programming because his continued participation in these programs will assist him in transitioning back to his community upon his release.

For the foregoing reasons, Defendant's Motion for Compassionate Release, (ECF No. 629) is **DENIED**.

Date:    May 19, 2026

*Karen M. Williams*
_____
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE